UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ASKER ASLANOVICH KHUTOV,

Petitioner,

v.

CAUSE NO. 3:26-CV-388-CCB-SJF

BRIAN ENGLISH,

Respondent.

## **OPINION AND ORDER**

Immigration detainee Asker Aslanovich Khutov, representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States. ECF 1. The respondent has answered the petition, and Khutov has filed a reply. ECF 7, ECF 9. The petition is ready to be decided.

## BACKGROUND

Khutov is a Russian citizen who entered the United States in 2017. ECF 7-1. On October 10, 2024, an immigration judge ordered him removed. *Id.* On June 18, 2025, he was convicted of possessing stolen property in New York and sentenced to four months' incarceration. *Id.* On September 16, 2025, he was transferred into the custody of Immigration and Customs Enforcement (ICE), and he is currently held at the Miami Correctional Facility. ECF 1.

In the petition, signed March 16, 2026, Khutov attests that he completed an application for travel documents with the assistance of an ICE officer but that Russia

denied it. *Id.* at 6. In his reply brief, he quotes recent judicial opinions, which, in turn, quote an ICE publication from November 2024 in which ICE classified Russia as uncooperative for purposes of removal. ECF 9 at 4 (quoting *Kazakov v. Bondi*, 2026 WL 508177, at *2 (W.D. Wash. Feb. 24, 2026); *Lapshin v. Bondi*, 2026 WL 71407, at *2 (W.D. Wash. Jan. 9, 2026)).

On April 1, 2026, the respondent filed a status report representing that the government had not obtained travel documents from Russia and that it was unlikely that Khutov would be removed within thirty days. ECF 6. In the response brief, the respondent represents that the government is currently working to obtain travel documents from Russia. ECF 7 at 2.

## SUBJECT MATTER JURISDICTION

The respondent first argues that the court lacks subject matter jurisdiction over Khutov's habeas petition under 8 U.S.C. § 1252(g) and § 1252(b)(9). This court has thoroughly considered its jurisdiction to review post-removal-order immigration detention. For the reasons previously stated, jurisdiction is secure. *See Liang, v. English*, No. 3:25CV1052 DRL-SJF, 2026 WL 835853, at *1 (N.D. Ind. Mar. 26, 20260 (Leichty, J.); *Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, at *1-*4 (N.D. Ind. Dec. 29, 2025) (Brisco, J.) (discussing § 1252(g)).

## MERITS

Regarding the merits of the petition, the respondent first argues that Khutov's detention is lawful under 8 U.S.C. § 1231 because the statute authorizes detention

2

pending execution of a removal order. However, beyond the "removal period,"[1] which for Khutov ended in January 2025, continued detention is authorized only for certain noncitizens delineated in § 1231(a)(6) and only as long as removal is reasonably foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) ("[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."). The Supreme Court has instructed that once removal is not reasonably foreseeable, "the court should hold continued detention unreasonable and no longer authorized by statute," though any release "may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." *Id.* at 699–700.

In *Zadvydas*, the Supreme Court adopted a "presumptively reasonable period of detention" of six months in recognition of the Executive Branch's primary responsibility in foreign policy matters and the sometimes sensitive nature of repatriation negotiations that may call for difficult judgments regarding whether removal is reasonably foreseeable. *Zadvydas*, 533 U.S. at 689. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. Because Khutov has been in detention for longer than six months, the court turns to whether his removal is reasonably foreseeable.

---

[1] The removal period begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B).

3

To start, the respondent identifies Russia as the sole country under consideration for removal. According to Khutov, he has already submitted an application for travel documents, and Russia has rejected it. Further, ICE classified Russia as uncooperative for purposes of removal as recently as November 2024. Additionally, Khutov's immediate term of detention now spans seven months. The court finds that this showing suggests that Russia has and will refuse to accept Khutov for removal and constitutes good reason to believe that there is no significant likelihood of Khutov's removal in the reasonably foreseeable future.

To rebut this showing, the respondent offers only a vague representation that the government is working to obtain a travel document from Russia. This meager showing does not persuade the court that Khutov's removal is likely to occur within the reasonably foreseeable future. It does not explain why further efforts to remove Khutov to Russia will be successful when Russia has already refused Khutov's request for travel documents and when the government has classified Russia as uncooperative for removal purposes. It does not describe any specific measures taken by the government to obtain travel documents from Russia after seven months of detention. It also provides no insight as to Russia's decision-making process, including the time ordinarily needed to process applications for travel documents and the likelihood that Russia would issue travel documents to individuals like Khutov. Consequently, the court finds that the respondent has not adequately demonstrated that Khutov's removal is reasonably foreseeable. Therefore, the respondent must release Khutov.

For these reasons, the court:

4

(1) **GRANTS** the petition for writ of habeas corpus (ECF 1) and ORDERS the respondents to release Asker Aslanovich Khutov on the same conditions of supervised release that existed before his re-detention and to certify compliance with this order by filing a notice with the court by **April 30, 2026**;

(2) **DIRECTS** the clerk to email a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure his release; and

(3) **ORDERS** that any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

SO ORDERED on April 28, 2026.

_/s/ Cristal C. Brisco_
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

5